**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------X

JOHN STARKS,                              Civil Action No.:
                                          08 CIV 3945

               Plaintiff,
                                          **ANSWER**
    - against -
                                          J. Berman
STAPLES THE OFFICE SUPERSTORE EAST,
INC.,

              Defendant.

------------------------------------------X

      Defendant, STAPLES THE OFFICE SUPERSTORE EAST, INC. (hereinafter "STAPLES"), by its attorneys, SIMMONS, JANNACE & STAGG, L.L.P., as and for its answer to the complaint of plaintiff, responds as follows:

      1.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "1" of the complaint.

      2.   Admits the allegations contained in numbered paragraph "2" of the complaint.

      3.   Denies the allegations contained in numbered paragraph "3" of the complaint.

      4.   Denies the allegations contained in numbered paragraph "4" of the complaint, except admits that at all times hereinafter mentioned, the defendant STAPLES operated a retail store at a portion of the premises, located at 535 5th Avenue,

**1**

Manhattan, New York 10017.

  5. Denies the allegations contained in numbered paragraph "5" of the complaint, except admits that at all times hereinafter mentioned, the defendant STAPLES maintained a retail store at a portion of the premises, located at 535 5th Avenue, Manhattan, New York 10017.

  6. Denies the allegations contained in numbered paragraph "6" of the complaint, except admits that at all times hereinafter mentioned, the defendant STAPLES controlled only that portion of the premises located at 5353 5th Avenue, Manhattan, New York 10017, in which they operated a retail store.

  7. Denies the allegations contained in numbered paragraph "7" of the complaint, except admits that at all times hereinafter mentioned, the defendant STAPLES supervised only that portion of the premises, located at 535 5th Avenue, Manhattan, New York 10017, in which they operated a retail store.

  8. Denies the allegations contained in numbered paragraph "8" of the complaint, except admits that at all times hereinafter mentioned, the defendant STAPLES managed only that portion of the premises, located at 535 5th Avenue, Manhattan, New York 10017, in which they operated a retail store.

  9. Denies the allegations contained in numbered paragraph "9" of the complaint.

**RESPONSE TO A FIRST CAUSE OF ACTION**

10. Repeats and realleges the answers to numbered paragraphs "1" to "9" as fully set forth herein.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "10" of the complaint.

12. Denies the allegations contained in numbered paragraph "11" of the complaint.

13. Denies the allegations contained in numbered paragraph "12" of the complaint.

14. Denies the allegations contained in numbered paragraph "13" of the complaint.

15. Denies the allegations contained in numbered paragraph "14" of the complaint.

16. Denies the allegations contained in numbered paragraph "15" of the complaint.

17. Denies the allegations contained in numbered paragraph "16" of the complaint.

18. Denies plaintiff is entitled to the relief requested in the "WHEREFORE Clause".

19. Defendant STAPLES demands that liability, if any, be apportioned.

**AS AND FOR A
FIRST AFFIRMATIVE DEFENSE**

20. Plaintiff's complaint fails to state a cause of

action.

**AS AND FOR A**
**SECOND AFFIRMATIVE DEFENSE**

21. Upon information and belief, the injuries allegedly sustained by plaintiff were not as a result of any culpable conduct by the defendant herein, or in the alternative, the amount of damages otherwise recoverable shall be diminished in the percentage proportion of the culpable conduct of plaintiff, which contributed to or caused plaintiff's alleged injuries.

**AS AND FOR A**
**THIRD AFFIRMATIVE DEFENSE**

22. Upon information and belief, any damages sustained by plaintiff were caused, in whole or in part, by the culpable conduct of plaintiff and/or were aggravated by the culpable conduct of plaintiff.

**AS AND FOR A**
**FOURTH AFFIRMATIVE DEFENSE**

23. Upon information and belief, defendant had never received actual or constructive notice of any defective or dangerous condition or environment, and therefore, it cannot be liable for any alleged injuries suffered by plaintiff.

**AS AND FOR A**
**FIFTH AFFIRMATIVE DEFENSE**

24. If plaintiff proves at trial the existence of a

dangerous condition, all of which is denied, upon information and belief, any damages sustained by plaintiff were caused by plaintiff's having voluntarily and unreasonably assumed a known and dangerous risk, and/or the damages were caused by or aggravated by such conduct.

## AS AND FOR A
## SIXTH AFFIRMATIVE DEFENSE

25.  Upon information and belief, if plaintiff suffered any damages as alleged in the complaint, such damages were as a result of an independent superseding act by a third party for which defendant cannot be held liable, and defendant's conduct was in no way the proximate cause of such damages.

## AS AND FOR A
## SEVENTH AFFIRMATIVE DEFENSE

26.  If plaintiff suffered damages as alleged, then plaintiff failed to mitigate damages.

## AS AND FOR AN
## EIGHTH AFFIRMATIVE DEFENSE

27.  If plaintiff herein has received remuneration and/or compensation for some or all of her claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, this defendant is entitled to have

plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation, pursuant to Section 4545(c) of the CPLR.

**WHEREFORE**, for all of the foregoing reasons, it is respectfully requested that plaintiff's complaint be dismissed in its entirety, and that defendant be awarded the costs and disbursements of this action, reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

Dated:   Syosset, New York
         May 1, 2008

**SIMMONS, JANNACE & STAGG, L.L.P.**

BY: ____s/_____
     KATHRYN FITZGERALD (kf-3697)

Attorneys for Defendant
STAPLES THE OFFICE SUPERSTORE
EAST, INC.
**Office & P.O. Address:**
75 Jackson Avenue
Syosset, New York 11791-3139
(516) 357-8100

TO:

ANDREW F. PLASSE, P.C.
Attorney for Plaintiff
JOHN STARKS
**Office & P.O. Address:**
352 7th Avenue, Suite 402
New York, New York 10001
(212) 695-5811

answer.federal

**CERTIFICATE OF SERVICE**

**RE:** **John Starks v. Staples the Office Superstore East, Inc.**
**Docket No.: 08 CIV 3945  J. Berman**

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NASSAU     )

I, MARILYN C. AVONDET, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this **DEFENDANT'S ANSWER** was made on May 1, 2008 by:

XX   Mail service: Regular first class United States mail, postage fully pre-paid, addressed to:

ANDREW F. PLASSE, P.C.
Attorney for Plaintiff
JOHN STARKS
**Office & P.O. Address:**
352 7th Avenue, Suite 402
New York, New York 10001
(212) 695-5811


Under penalty of perjury, I declare that the foregoing is true and correct.

_____s/_____
            MARILYN C. AVONDET

Sworn to before me this
1st day of May, 2008

s/
Josephine Riseslvato  No. 01R16169418
NOTARY PUBLIC    Suffolk County Exp. 6/25/11

SIMMONS, JANNACE & STAGG, L.L.P.
75 Jackson Avenue
Syosset, New York 11791-3139
(516) 357-8100

**7**

**8**